

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 23, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-731
Re: Whether county attorney pro
tem is required to take
oath of office.

We are in receipt of your letter of May 1, 1939, to which is attached the claim of F. B. Caudle for fees earned representing the State in examining trials as county attorney pro tempore. Mr. Caudle did not take the oath of office before entering upon the duties of his appointment. Otherwise the account appears to be in proper form. You request our opinion as to whether or not you should issue a warrant to Mr. Caudle in payment of such account.

Article 31, Code of Criminal Procedure, reads as follows:

"Whenever any district or county attorney fails to attend any term of the district, county or justice's court, the judge of said court or such justice may appoint some competent attorney to perform the duties of such district or county attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

Article 16, Section 1, Constitution of Texas, provides that members of the Legislature and all officers before they enter upon the duties of their offices shall take the oath or affirmation therein set forth. Article 16, Revised Civil Statutes of Texas, provides that each officer in this State, whether elected or appointed, shall, before entering upon the duties of his office, take and subscribe the oath prescribed by Article 16, Section 1, of the Constitution.

The question thus to be determined is whether or not an attorney pro tempore, appointed under Article 31, Code of Criminal Procedure, is such officer as is required to take the oath under the above constitutional provision. Article 1886, Revised Civil Statutes, expressly requires a special judge to take the oath prescribed by law, and Article 1896, Revised Civil Statutes, provides that a district clerk pro tempore must also take the oath of office. However, the statutes make no such requirement with reference to the attorney pro tempore appointed under the authority of said Article 31, Code of Criminal Procedure. In making special statutory requirements for certain officers pro tempore to take the official oath, it is thought that the Legislature did not regard such pro tempore officers as being within the requirements of Article 16, Section 1, of the Constitution, and Article 16 of the Revised Civil Statutes. The failure of the Legislature to require the attorney pro tempore to take the oath of office while at the same time requiring that special district judges and district clerks pro tempore should take the oath is explained in the difference of the duties performed by them respectively.

In 46 Corpus Juris p. 960, we find this language:

"The requirement of an oath does not extend to those who are not strictly officers withinthe language of the Constitution or the statute providing therefor."

Officers pro tempore were not there under consideration, but we think the principle is applicable. From page 929 of 46 Corpus Juris, we quote as follows:

"The term 'public office' embraces the ideas of tenure and of duration or continuance; hence, an important distinguishing characteristic of an officer is that the duties to be performed by him are of a permanent character as opposed to duties which are occasional, transient, and incidental."

We quote from 22 R. C. L. pages 374 to 375 as follows:

"While it has been asserted that a public office need not have continuance and that it can make no difference whether there be but one act or a series of acts to be done, yet an office commonly requires something more permanent than a single transaction to call it into being. And the weight of authority appears to be that if a position has no permanency, tenure, or enduring element it is not an office."

Hon. Geo. H. Sheppard, May 23, 1939, Page 3

In the case of U. S. vs. Germaine, 99 U. S. 482, a surgeon appointed by the Commissioner of Pensions to examine pensioners and applicants for pensions was under trial for extortion, and it became important to determine whether or not he was an officer of the United States. From the opinion of the court holding that he was not an officer, we quote as follows:

"If we look to the nature of defendant's employment, we think it equally clear that he is not an officer. In Hartwell's case the court said, the term embraces the ideas of tenure, duration, emolument and duties, and in that case it said the latter were continuing and permanent, not occasional or temporary. In the case before us, the duties are not continuing and permanent, and they are occasional and intermittent. The surgeon is only to act when called on by the Commissioner of Pensions in some special case, as when some pensioner or claimant of a pension presents himself for examination. He may make fifty of these examinations in a year, or none. He is required to keep no place of business for the public use. He gives no bond and takes no oath, unless by some order of the Commissioner of Pensions of which we are not advised.

"No regular appropriation is made to pay his compensation, which is $2 for every certificate of examination, but it is paid out of money appropriated for paying pensions in his district, under regulations to be prescribed by the commissioner. He is but an agent of the commissioner, appointed by him and removable by him at his pleasure, to procure information needed to aid in the performance of his own official duties. He may appoint one or a dozen persons to do the same thing. The compensation may amount to $5 or $500 per annum. There is no penalty for his absence from duty or refusal to perform, except his loss of the fee in the given case."

We quote from the opinion of the Supreme Court of Michigan in the case of Underwood v. McDuffee, 93 Am. Dec. 194, as follows:

"It is first objected that the referee was not sworn. The statute does not require this, but it is claimed that the constitution of this state requires all executive and judicial officers to be sworn before they assume their

duties: Const., art. 16, sec. 1. The oath required is the oath of allegiance to the United States and to the state, and an oath to perform faithfully the duties of the office. The term 'officer' as there used can only be taken to refer to such offices as have some degree of permanence, and are not created by a temporary nomination for a single and transient purpose. A designation of a person to do some one act of duty, with no official tenure except as incident to that transitory function, cannot make him a public officer without involving a great absurdity. Every public office includes duties which are to be performed constantly, or as occasion arises, during some continuous tenure. And no public office can depend upon the will of private persons, who may call it into existence for their own purposes and at their own pleasure. In the proceedings under consideration, a referee is appointed only when parties consent, or waive their right to a jury; and the designation may be made by their private stipulation, and is confined to the particular suit. We have no difficulty in holding that such a referee cannot be within the operation of the constitution as an officer of any kind."

Addressing ourselves now to the facts of the particular case before us, it is noted that the judge or justice of the peace does not appoint a county attorney, he merely appoints some competent attorney to perform the duties of the county attorney. The appointment is automatically vacated upon the appearance of the county attorney, and in no event does the appointment extend beyond the term of court at which it is made. The county attorney who has taken the oath is not displaced by the appointment but the appointee merely substitutes for him in his absence and is paid only for what he does on the occasion of his appointment. One man might be appointed to perform the duties of the county attorney on one occasion and on the next another man might receive the appointment. As touched upon above, the Legislature evidently did not intend that Article 51, Code of Criminal Procedure, should provide an office requiring the incumbent to take the oath. The county attorney being absent, and the justice of the peace having appointed Mr. Caudle to perform the duties of the absent county attorney, and he having done so, it is our opinion that his account should be approved and a warrant should issue in payment of the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N

APPROVED

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN